# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

AUTOMALL ONLINE, INC.,

Debtor.

Case No. 05-10036-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE was before the court on October 24, 2006, on the motion of Michael Field ("Field") for entry of an order against various individuals and a law firm. (Docket Entries 54 and 59). Field, appearing pro se, asserts that the respondents violated §362 of the United States Bankruptcy Code and interfered with the order of this court approving a sale and assignment of claims. (Docket Entry 27).

The respondents filed a suit in the Circuit Court for the City of Alexandria asserting certain shareholder derivative claims on behalf of Automall Online, Inc., and certain direct claims that they held prior to the filing of this case. The defendants were Michael Field, Field Auto City, Inc., Allen Outlaw and the debtor. The trustee sold all of the derivative claims involved in the circuit court case to Field. Field now complains that the respondents who were the plaintiffs in the circuit court violated the automatic stay by entering into a settlement with Allen Outlaw ("Outlaw") and taking other actions that interfered with the rights that he purchased.

Field has the burden of presenting sufficient evidence to justify the issuance of an order to show cause. No affidavits were attached to his motions. No evidence was taken at the hearing. The parties presented their arguments and proffered their version of the facts in the pleadings and through counsel, or in Field's case, by himself.

It appears that the respondents and Outlaw entered into a settlement agreement in June, 2004, well before Field purchased the derivative claims. (He purchased them pursuant to an order entered on the docket on March 28, 2005.) The settlement agreement and the respondents' circuit court motion to approve the settlement are ambiguous as to whether circuit court approval was necessary. There is a strong suggestion that the court's approval was necessary because shareholder derivative claims were being settled. The pleadings are clear that the respondents requested that notice of the settlement not be required to be given to the other shareholders. Shortly after Field purchased the derivative claims, he moved to dismiss the derivative claims as to him and the other defendants including Outlaw. The respondents who had unsuccessfully sought to purchase the derivative claims requested leave to file an amended complaint which did not include any derivative claims. The circuit court granted their motion to amend. The respondents filed an amended complaint that did not state any derivative actions. In light of this development, the circuit court denied, as moot, Field's motion to dismiss the derivative claims. The court never approved the settlement between the respondents and Outlaw.

It is clear that the settlement preceded the filing of the petition in bankruptcy in this case. It is also clear that no action was taken with respect to the settlement or the circuit court action with respect to the derivative claims after the bankruptcy case was filed and while they remained property of the bankruptcy estate. The actions taken by the circuit court in permitting the complaint to be amended without derivative claims being pled and in denying Field's motion to dismiss the derivative claims did not violate the automatic stay because they were taken only after Field purchased the assets from the estate and were no longer property of the estate.

While it is clear that Outlaw testified at the March, 2006 circuit court trial that he had entered

into a settlement agreement with the respondents, is not itself sufficient to lay a foundation for a contempt hearing. No action was by taken by the circuit court with respect to approving the settlement agreement. If the circuit court's approval was not necessary, then the settlement agreement was completed in 2004, long before the petition in bankruptcy was filed. If the circuit court's approval was required, it was never obtained and no action was taken to obtain that approval while the derivative claims were property of the estate and, in fact, at any time. Field's rights with respect to the derivative claims depends upon the necessity of approval of the settlement agreement. If no approval was necessary, then the claims were settled prior to the filing of the petition in bankruptcy. If approval was necessary, it was never obtained and there is no consummated settlement. Neither circumstance gives rise to a violation of §362 or constitutes improper interference with this court's sale order. Field has not shown a basis justifying the issuance of an order to show cause. The motion will be denied.

Alexandria, Virginia
October 26, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Thomas P. Gorman
Gordon P. Peyton

Copy mailed to:

Michael Field
P. O. Box 563
Great Falls, Virginia 22066
13237